# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN HEPLER,<br><br>            Plaintiff,<br><br>    v.<br><br>HAROLD SHAIN and MIRIAM G. SHAIN, in their capacity as trustees for the HAROLD & MIRIAM G. SHAIN LIVING TRUST,<br><br>            Defendants. | Case No.  C 11 0764 MMC<br><br>[~~PROPOSED~~] PROTECTIVE ORDER |

Based on the joint application of counsel, and good cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. As used in this Protective Order, "Confidential Information" means:

(a) Financial information, including but not limited to income and credit information, pertaining to defendants' current tenants, former tenants, prospective tenants;

(b) Medical information, including but not limited to diagnoses of disabilities, pertaining to defendants' current tenants, former tenants, and prospective tenants;

(c) Defendants' financial and net worth information;

(d) The names of the fair housing testers used by Project Sentinel.

2. Confidential Information disclosed in this case shall be used and disclosed only in accordance with the terms of this Protective Order and solely for the purposes of

JOINT APPLICATION AND STIPULATION FOR ISSUANCE OF PROTECTIVE ORDER; [PROPOSED] ORDER; CASE NO. C-11-0764 MMC

1  this action.

2  3. Confidential Information shall not be disclosed by plaintiff or his counsel to
3  anyone other than the Court and its officers, including mediators, government officials
4  associated with this action, plaintiffs' counsel's agents and employees, including
5  investigators and experts, all of whom shall be advised of, and bound by, the terms of
6  this Protective Order.

7  4. Parties are directed not to seek to file documents under seal unless
8  absolutely necessary and within the limits of Local Rule 79-5(a).  Any party who has a
9  genuine need to file Confidential Information with the Court shall apply for an order
10 pursuant the provisions of Local Rule 79-5.

11 5. Prior to hearings or testimony before the Court in this case, the parties, in
12 the event that it is known reasonably in advance of such hearing or testimony that
13 matters involving Confidential Information will be raised, shall so advise the Court.

14 6. Nothing in this Protective Order shall affect the admissibility of any
15 Confidential Information in this action.

16 7. Within 45 days after the termination of this action, all Confidential
17 Information produced shall be returned to producing counsel or destroyed, at the option
18 of producing counsel.

19 8. Nothing in this Protective Order shall be construed to unduly hamper the
20 rights of the parties to prosecute and defend this action.  Nothing in this Protective
21 Order shall preclude any party from moving the Court for modification of any terms and
22 conditions thereof.  Any party may, at any time, move the Court for modification of this
23 Protective Order.

24 IT IS SO ORDERED.

25

26 DATED:  June 30           , 2011.

27
                                                                 Honorable Maxine M. Chesney
28                                                               United States District Judge

JOINT APPLICATION AND STIPULATION FOR ISSUANCE OF PROTECTIVE ORDER; [PROPOSED]
ORDER; CASE NO. C-11-0764 MMC